Louis T. LEHMEYER, Respondent, *v.* MOSES H. MOSES, Appellant.

67    531
a174 NY 518

*Landlord and tenant — surrender, as untenantable, of premises injured by fire — what agreement as to insurance and the disposition of the proceeds thereof makes the statute inoperative.*

A lease of premises upon which there was a two-story frame building with a brick front contained the following provision: "That said party of the second part (the lessee) agrees to keep the said premises insured for his own & sole benefit, and will have no claim and demand on the party of the first part for any damage or loss on building in case of fire. And the party of the second part

(the lessee) agrees to do all repairs on said premises, if any, or if desired by him, at his own cost and expense without any claim on the party of the first part. In case of the destruction of the said building by fire or otherwise, the party of the second part may rebuild the same and erect another building."

Shortly after the execution of the lease the parties thereto entered into an agreement which recited that the building on the demised premises was insured, and provided that in the event of the premises being damaged or destroyed by fire the lessor would pay to the lessee the amount obtained from the insurance company to repair the damage or to rebuild in case the premises were wholly destroyed, and that in the event that the lessor should neglect or refuse to pay such insurance moneys to the lessee the latter might retain the rent thereafter to become due until the amount thereof should equal the amount of the insurance moneys.

*Held,* that in the event of the property being so injured by fire as to become untenantable, the lessee did not have the right to surrender the premises and escape further liability for rent thereafter accruing, under section 197 of the Real Property Law (Laws of 1896, chap. 547).

APPEAL by the defendant, Moses H. Moses, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of August, 1901, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 28th day of August, 1901, denying the defendant's motion for a new trial made upon the minutes.

*Edmund L. Mooney,* for the appellant.

*E. Ritzema De Grove,* for the respondent.

INGRAHAM, J. :

The action was brought to recover the rent due on April 1, 1901, for certain premises in the city of New York, and the only question presented is whether the lease under which the plaintiff claimed was terminated by a fire which occurred upon the premises before the rent became due. The lease in question was dated May 1, 1887, and leased the house and lot " belonging to the said party of the first part, situate in the City, County and State of New York, and known as Number 206 East One Hundred and Twentieth (120) street, New York City, with appurtenances, for the term of Three (3) Years from the first day of May, 1887, One Thousand Eight Hundred and Eighty-seven, at the yearly rent or sum of

Twelve Hundred Dollars, payable monthly in advance, during the continuance of this lease;" with a further term of twenty years from May 1, 1890, upon the same covenants and conditions, except that the rent was to be $1,400 per year, and with a further term of twenty years from the 1st of May, 1910, at the yearly rent of $1,540. The lease contained the following clause: "That said party of the second part agrees to keep the said premises insured for his own & sole benefit, and will have no claim and demand on the party of the first part for any damage or loss on building in case of fire. And the party of the second part (defendant) agrees to do all repairs on said premises, if any, or if desired by him, at his own cost and expense without any claim on the party of the first part. In case of the destruction of the said building by fire or otherwise, the party of the second part may rebuild the same and erect another building." The building seems to have been two stories in height, originally a frame building, but when the first floor was altered to be used as a store, a brick front was put in. ·

On March 18 or 19, 1901, there was a fire upon the premises which seriously injured the building, so that it was ordered to be taken down by the building department, and subsequently, on the thirtieth of March, the defendant notified the plaintiff that in consequence of the building having been so injured by fire as to be untenantable and unfit for occupancy, the defendant surrendered the leasehold and premises. There was also an agreement between the parties to the lease, dated July 1, 1887, which recited the lease and that the house erected on the premises "has been and is now insured in the sum of $5,000.00, and the loss in case of fire is made payable to the mortgagee;" that by the lease the defendant had agreed to keep the premises insured and had paid to the plaintiff thirty dollars, being the proportionate part of the premium due under the policy of insurance, and provided that in the event of the said premises being damaged by fire, or wholly destroyed thereby, the lessor would pay to the lessee the amount which the insurance company should pay under said policy to repair the damage done, or rebuild in case the premises were wholly destroyed, and that in the event that the lessor should neglect or refuse to pay to the lessee the amount so paid by the insurance company, then the lessee should retain the rent thereafter to become due until the amount

thereof should equal the payment made for the loss by the insurance company under the said policy before referred to.

It is quite apparent from the lease and agreement that the parties had in mind the possibility of the destruction of the building, and provision was made for the happening of that contingency. The building (not the lessee's interest) was to be insured, and the amount paid by the insurance company was to be paid to the lessee. He was to make all the repairs to the building, and in case it was destroyed by fire was to rebuild. This is entirely inconsistent with his right to terminate the lease upon the building's being destroyed by fire; and this conclusion is much strengthened when we consider the terms of the lease and the character of the building. It was proved that the defendant did procure a policy of insurance upon the building, and that the insurance company paid to him the sum of $2,250 as the amount of damage to the building.

The defendant, however, claimed that under the statute (Real Prop. Law [Laws of 1896, chap. 547], § 197) which provides that "where any building which is leased or occupied is destroyed or so injured by the elements or any other cause as to be untenantable and unfit for occupancy, and no express agreement to the contrary has been made in writing, the lessee or occupant may, if the destruction or injury occurred without his fault or neglect, quit and surrender possession of the leasehold premises and of the land so leased or occupied; and he is not liable to pay to the lessor or owner rent for the time subsequent to the surrender" — he could surrender the possession of the leasehold and was not liable for the subsequent rent.

We think this lease and the agreement, to which attention has been called, is an express agreement to the contrary, by which it was clearly understood that the term should continue notwithstanding the destruction of the building, within the rule as stated by Judge ANDREWS in *Butler* v. *Kidder* (87 N. Y. 98). The provisions in this lease by which the defendant agrees to insure for his own and sole benefit, "and will have no claim and demand on the party of the first part for any damage or loss on building in case of fire," but provides that in case of the destruction of the building by fire or otherwise, he may rebuild the same and erect another building, and the agreement of July, 1887, under which the tenant was

required to insure the building, the property of the lessor, for his own benefit, in the name of the lessor, if necessary, and to receive the proceeds of such insurance, the lessor not to insure after May 1, 1890, so that "the party of the second part can secure the building referred to during the continuance of the lease dated May 1st, 1887, and the renewals therein contained"— are entirely inconsistent with the right of the tenant to terminate the lease as provided for by the statute. The provision in the agreement of July 1, 1887, that if the insurance should be paid to the lessor and not to the lessee, the lessee should retain the amount thereafter to become due, expresses this intention ; for if the tenant had the right to surrender the possession of the premises and terminate the lease, there would be no rent which he could retain. And when we consider the nature of the building itself, the term of the lease and the effect of these provisions in the lease and agreement, it seems to be clear that there was an express agreement of the parties that the lease should continue, notwithstanding the destruction of the building by fire.

It follows that the verdict was properly directed for the plaintiff, and that the judgment and order should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, HATCH and LAUGHLIN, JJ., concurred.

Judgment and order affirmed, with costs.